**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JASON M. PAYNE**,
      **Petitioner,**

v.                        **CIVIL ACTION NO. 3:17-CV-123
                      (JUDGE BAILEY)**

**DONALD AMES**,
      **Respondent.**

## REPORT AND RECOMMENDATION

This case was initiated on October 12, 2017, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petitioner paid the $5.00 filing fee on that same date. ECF No. 5. On May 3, 2018, this case was stayed by order of the Court. ECF No. 16. By order entered October 4, 2019, the stay was lifted. ECF No. 34.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### I.  FACTUAL AND PROCEDURAL HISTORY

**A.  Petitioner's Conviction, Sentence and Direct Appeal[1]**

Petitioner is currently a State prisoner incarcerated in the Mount Olive Correctional Complex in Mount Olive, West Virginia. In April 2006, an informant told

---

[1] The facts contained in Section I.A. are from the June 19, 2017, memorandum decision of the State of West Virginia Supreme Court of Appeals in that court's docket number 16-0340. http://www.courtswv.gov/supreme-court/memo-decisions/spring2017/16-0340memo.pdf  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

police that human remains were present in a firepit at a camp site by the Potomac River. An expert from the Smithsonian Institution examined the bone fragments found in the fire pit and positively identified the victim as Keese Bare. The Supreme Court of Appeals summarized the facts:

> In April of 2007, petitioner was indicted on two counts of breaking and entering, one count of grand larceny, one count of destruction of property, and one count of transferring stolen property.1 A superseding indictment was later filed and it replaced the previous counts with the following: two counts of breaking and entering, one count of grand larceny, and one count of misdemeanor destruction of property. On April 22, 2007, petitioner's jury trial commenced and he was ultimately convicted on all counts.
>
> In September of 2007, as a result of the same incident, petitioner was indicted on one count of first-degree murder and one count of conspiracy. Petitioner's jury trial commenced and he was ultimately convicted of one count of second-degree murder, a lesser included offense of first-degree murder.
>
> In April of 2008, following petitioner's convictions for breaking and entering, grand larceny, and misdemeanor destruction of property, the State filed an information seeking to enhance his sentence and charge him as a recidivist. In June of 2008, subsequent to his convictions above, the circuit court sentenced petitioner in both cases to the following: a term of incarceration of not less than one nor more than ten years for his conviction of one count of breaking and entering; not less than two nor more than ten years for his conviction of one count of breaking and entering, based upon his admission that he was previously convicted of a felony; not less than one nor more than ten years for his conviction of one count of grand larceny; and one year for his conviction of one count of misdemeanor destruction of property. Petitioner's sentences were ordered to run consecutively to each other. Additionally, petitioner was sentenced to a term of incarceration of forty years for his second-degree murder conviction and to an additional term of five years for his recidivist status. The circuit court ordered that his sentence for the second-degree murder conviction and his additional sentence for his recidivist

> conviction run consecutively to the sentences imposed above.
>
> In 2012, petitioner filed two direct appeals from both circuit court proceedings claiming [various] errors. . . . [The Supreme Court of Appeals] affirmed petitioner's convictions in two memorandum decisions. See *State v. Payne*, No. 11-1042, 2012 WL 3104259 (W.Va. June 22, 2012) (memorandum decision); and *State v. Payne*, No. 11-1045, 2012 WL 3104253 (W.Va. June 22, 2012) (memorandum decision).

Internal footnotes omitted.

### B. Petitioner's State Habeas Petitions

Petitioner has repeatedly directly appealed, sought habeas and mandamus relief in state court, and has repeatedly appealed his denials of relief. In the State of West Virginia Supreme Court of Appeals, Petitioner has pursued the following cases:

1. Docket number 11-1042, appeal of the June 6, 2011 sentencing order for Petitioner's conviction for two counts of breaking and entering, one count of grand larceny and one count of destruction of property, was affirmed[2] by memorandum decision filed June 22, 2012;

2. Docket number 11-1045, appeal of the June 6, 2011 sentencing order for Petitioner's conviction for second degree murder, with the recidivist enhancement, was affirmed[3] by memorandum decision filed June 22, 2012;

3. Docket number 16-0340, appeal of the March 15, 2016 order of denying

---

[2] http://www.courtswv.gov/supreme-court/memo-decisions/spring2012/11-1042memo.pdf

[3] http://www.courtswv.gov/supreme-court/memo-decisions/spring2012/11-1045memo.pdf

3

habeas corpus, was affirmed[4] by memorandum decision filed June 19, 2017;

4. Docket number 17-0730, appeal of the July 28, 2017, order which denied Petitioner a new trial based upon newly discovered evidence, was affirmed[5] by memorandum decision filed January 14, 2019; and

5. Docket number 18-0215, appeal of the February 14, 2018 denial of mandamus, was affirmed[6] by memorandum decision filed June 17, 2019.

On December 18, 2019, Petitioner filed a notice of appeal of the Circuit Court of Morgan County's denial of his petition for habeas corpus, in Supreme Court of Appeals' docket number 19-1197. That case remains pending. See Court's Exhibit A, attached hereto.

**3. Instant Federal Habeas Petition**

On October 12, 2017, the pro se Petitioner filed his petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction and sentence in the Circuit Court of Morgan County, West Virginia. ECF No. 1. On May 3, 2018, the Court granted Petitioner's motion to stay the proceedings. ECF No. 16. On June 25, 2019, Petitioner filed a motion for leave to continue stay. ECF No. 28. Therein, Petitioner alleged that although the West Virginia Supreme Court of Appeals issued an order refusing his petition for rehearing, that the Court did not address all of his claims. Id. at 5. Petitioner further asserted that he has two petitions for habeas corpus pending before the Circuit Court of Morgan County, West Virginia. Id.

---

[4] http://www.courtswv.gov/supreme-court/memo-decisions/spring2017/16-0340memo.pdf

[5] http://www.courtswv.gov/supreme-court/memo-decisions/spring2019/17-0730memo.pdf

[6] http://www.courtswv.gov/supreme-court/memo-decisions/spring2019/18-0215memo.pdf

Petitioner appears to claim that he received ineffective assistance of counsel only in his underlying state criminal conviction. The petition alleges four grounds for relief: (1) that his Fifth and Fourteenth Amendment due process rights were violated when the trial court failed to properly instruct the jury [ECF No. 1 at 6]; (2) that his Fifth, Sixth and Fourteenth Amendment rights were violated by receiving ineffective assistance of trial counsel [Id. at 8]; (3) that his Fifth and Fourteenth Amendment due process rights were violated when the State failed to disclose exculpatory evidence [Id. at 11]; and (4) that his Fifth and Fourteenth Amendment rights were violated when the trial court denied him a new trial [Id. at 13]. Id. For relief, Petitioner asks that his case be remanded back to the West Virginia Circuit Court "with further instructions and/or release from illegal custody" and any other relief to which he may be entitled. Id. at 19.

By order entered October 4, 2019, the Court lifted the stay. ECF No. 34. On November 8, 2019, Petitioner filed an amended petition which included the same grounds one through three. But, in ground four, Petitioner alleged that his Fifth and Fourteenth Amendment due process rights were violated when the State failed to produce various exculpatory evidence. ECF No. 41 at 14. Petitioner further alleged in ground five an actual innocence claim based on newly discovered evidence. ECF No. 41-1 at 1 – 3.

## II. LEGAL STANDARD

### A. Petitions for Relief Under 28 U.S.C. § 2254

The provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. 28 U.S.C. § 2254 requires a district court to entertain a petition

for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 120 S.Ct 1495 (2000).

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b).

**B.   Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

6

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### III. ANALYSIS

The privilege of the writ of habeas corpus is recognized in Article I, Section 9 the United States Constitution. Petitions for writs of habeas corpus filed in the federal courts are governed by 28 U.S.C. § 2241 et seq. Pursuant to 28 U.S.C. §2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

7

federal nature of the claim."  Accordingly, a petition for writ of habeas corpus on behalf of a prisoner in State custody should not be entertained by a federal court unless the petitioner has first exhausted his State remedies.  Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights.  See Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995); Woodfolk v. Maynard, 857 F.3d 531 (4th Cir. 2017).

As the Supreme Court recognized in Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 *reh'g denied*, 490 U.S. 1076, 109 S.Ct. 2091 (1989), practical considerations also necessitate exhaustion of State court claims prior to federal review:

> The exhaustion requirement, first enunciated in *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," *Rose v. Lundy, supra,* 455 U.S., at 518, 102 S.Ct., at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S., at 519, 102 S.Ct., at 1203-1204.

To exhaust available State remedies, a habeas petitioner must fairly present the substance of his claim to the State's highest court.  The Supreme Court explained in Duncan v. Henry, supra, 513 U.S. at 365, 115 S.Ct. at 888, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

In Baldwin v. Reese, supra, 541 U.S. at 32, 124 S. Ct. at 1351, the Supreme Court further explained the requirements of such fair presentment:

8

> We [ ] hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

The Court opined that, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id.  See also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005) (dismissing the writ of certiorari as improvidently granted because the federal constitutional claim was not fairly presented to the State's highest court for purposes of 28 U.S.C. § 1257).

In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction State habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals.  See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court.") A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

28 U.S.C. § 2254(c).  As the Supreme Court explained in Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971), "We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (Internal citation omitted).

"The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), cert. denied, 523 U.S. 371 (1998).  The Fourth Circuit also found in Breard that, "[t]he exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition."  Id.

Here, Petitioner filed two petitions for habeas corpus in State circuit court, and an appeal to the West Virginia Supreme Court of Appeals, in that court's docket 19-1197.  That matter was filed during the pendency of this case and remains pending in State of West Virginia Supreme Court of Appeals.  Because his appeal of his state petition for habeas has not been ruled upon by the Supreme Court of Appeals, the undersigned finds that the Petitioner's claims are not exhausted as he still has a remedy available in State court.  Thus, it is inappropriate for this Court to entertain the Petitioner's federal habeas petition at this time, and the petition should be dismissed.

## IV.   RECOMMENDATION

For the reasons set forth in this opinion, it is **RECOMMENDED** that the Petitioner's petition [ECF No. 41] for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE**, preserving the Petitioner's right to renew the

same following the proper exhaustion of state remedies. It is further recommended that the Petitioner's Motion to Waive Exhaustion [ECF No. 42] and Renewed Motion for an Evidentiary Hearing [ECF No. 49] be **TERMINATED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:  January 29, 2020

>  /s/ *Robert W. Trumble*
> ROBERT W. TRUMBLE
> UNITED STATES MAGISTRATE JUDGE