# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JASON M. PAYNE,**

Petitioner,

v.

**Civil Action No. 3:17cv123**
**(Judge Bailey)**

**DONALD AMES,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.  Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 50]. By Local Rule, this action was referred to Magistrate Judge Trumble for submission of a report and a recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on January 29, 2020. In that filing, the magistrate judge recommends that this Court dismiss the 28 U.S.C. § 2254 petition without prejudice, preserving petitioner's right to renew the same following the proper exhaustion of state remedies.

### II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections [Doc. 51] on February 6, 2020. Accordingly, the portions of the R&R to which objections were made will be reviewed *de novo*; the remainder of the R&R will be reviewed for clear error.

## III. Factual and Procedural History

Petitioner has repeatedly directly appealed, sought habeas and mandamus relief in state court, and has repeatedly appealed his denials of relief. In the State of West Virginia Supreme Court of Appeals, petitioner has pursued the following cases:

1. Docket number 11-1042, appeal of the June 6, 2011, sentencing order for petitioner's conviction for two counts of breaking and entering, one count of grand larceny and one count of destruction of property, was affirmed by memorandum decision filed June 22, 2012;

2. Docket number 11-1045, appeal of the June 6, 2011, sentencing order for petitioner's conviction for second degree murder, with the recidivist enhancement, was affirmed by memorandum decision filed June 22, 2012;

3. Docket number 16-0340, appeal of the March 15, 2016, order of denying habeas

2

corpus, was affirmed by memorandum decision filed June 19, 2017;

4. Docket number 17-0730, appeal of the July 28, 2017, order which denied petitioner a new trial based upon newly discovered evidence, was affirmed by memorandum decision filed January 14, 2019; and

5. Docket number 18-0215, appeal of the February 14, 2018, denial of mandamus, was affirmed by memorandum decision filed June 17, 2019.

On December 18, 2019, petitioner filed a Notice of Appeal of the Circuit Court of Morgan County's denial of his petition for habeas corpus, in Supreme Court of Appeals' docket number 19-1197. That case remains pending.

On October 12, 2017, the *pro se* petitioner filed his petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction and sentence in the Circuit Court of Morgan County, West Virginia. [Doc. 1]. On May 3, 2018, the Court granted petitioner's motion to stay the proceedings. [Doc. 16]. On June 25, 2019, petitioner filed a motion for leave to continue stay. [Doc. 28]. Therein, petitioner alleged that although the West Virginia Supreme Court of Appeals issued an order refusing his petition for rehearing, that the Court did not address all of his claims. Id. at 5. Petitioner further asserted that he has two petitions for habeas corpus pending before the Circuit Court of Morgan County, West Virginia. Id.

Petitioner appears to claim that he received ineffective assistance of counsel only in his underlying state criminal conviction. The petition alleges four grounds for relief: (1) that his Fifth and Fourteenth Amendment due process rights were violated when the

3

trial court failed to properly instruct the jury [Doc. 1 at 6]; (2) that his Fifth, Sixth and Fourteenth Amendment rights were violated by receiving ineffective assistance of trial counsel [Id. at 8]; (3) that his Fifth and Fourteenth Amendment due process rights were violated when the State failed to disclose exculpatory evidence [Id. at 11]; and (4) that his Fifth and Fourteenth Amendment rights were violated when the trial court denied him a new trial [Id. at 13]. Id. For relief, petitioner asks that his case be remanded back to the West Virginia Circuit Court "with further instructions and/or release from illegal custody" and any other relief to which he may be entitled. Id. at 19.

By order entered October 4, 2019, the Court lifted the stay. [Doc. 34]. On November 8, 2019, petitioner filed an amended petition which included the same grounds one through three. But, in ground four, petitioner alleged that his Fifth and Fourteenth Amendment due process rights were violated when the State failed to produce various exculpatory evidence. [Doc. 41 at 14]. Petitioner further alleged in ground five an actual innocence claim based on newly discovered evidence. [Doc. 41-1 at 1 – 3].

## IV.  Exhaustion Requirements

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. § 2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. *Castille v. Peoples*, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented

4

to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Id.* at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" **Baldwin v. Reese**, 541 U.S. 27, 32 (2004); *see also* **Howell v. Mississippi**, 543 U.S. 440, 444 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. *See* **Moore v. Kirby**, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); *see also* **Bayerle v. Godwin**, 825 F.Supp. 113, 114 (N.D. W.Va. 1993). A federal court may only consider those issues the petitioner presented to state court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is petitioner's burden to demonstrate that he has exhausted his state judicial remedies. **Breard v. Pruett**, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied*, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Id.* "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims

5

under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). Finally, a petitioner must show that the claims he raised in the state proceedings are the exact same claims he is raising in a federal habeas petition. *See Pitchess v. Davis*, 421 U.S. 482, 487 (1975); *see also Picard v. O'Connor*, 404 U.S. 270, 275 - 76 (1971). "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(internal citations omitted). Not only must the claim itself be the same, but the same factual grounds must be raised in support of the claims in state court as in federal court, and a specific federal constitutional claim must be raised in the state proceedings. *Id.*

## V.    Analysis

The petitioner has filed two petitions for habeas corpus in State circuit court, and an appeal to the West Virginia Supreme Court of Appeals, docket number 19-1197. That matter was filed during the pendency of this case and remains pending in the Supreme Court of Appeals. Accordingly, the magistrate judge found that because his appeal of his state petition for habeas corpus has not been ruled upon by the Supreme Court of Appeals, petitioner's claims are not exhausted as he still has a remedy available in State

6

court. Thus, it is inappropriate for this Court to entertain the petitioner's federal petition at this time and the same should be dismissed.

In his Objections [Doc. 51], the petitioner first concedes that the Amended Petition pending before this Court is a mixed petition. His first substantive objection states as follows:

> In the history of the case in the R&R, the Breaking and Entering and Second Degree Murder are two separate cases, the instant federal habeas, as far as the conviction, pertains to the Second Degree Murder and the Recidivist. Petitioner objects for the above reasons and asks that the record reflect that the Breaking and Entering and Second Degree Murder are two separate cases, and the only relation to the two cases are the sentences.

This Court has thoroughly reviewed the R&R and finds the same adequately reflects that the two cases are separate. This Court has likewise noted the same.

Petitioner's second objection states as follows:

> The R&R does not do an analysis regarding timeliness to justify a dismissal without prejudice. Petitioner fears, that it is possible, that petitioner could be time barred if the instant federal habeas is dismissed without prejudice.
>
> . . .
>
> Petitioner respectfully requests that, if it is determined that petitioner will be time barred if the instant petition is dismissed, that this petition be stayed, and placed on the inactive docket pending state court exhaustion.

In 1996, Congress passed the AEDPA, establishing a one-year limitations period for all federal habeas corpus petitions. Under the Act, the limitations period begins to run from the last of:

1. The date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

2. The date on which the impediment to filing a motion created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;

3. The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

The AEDPA statute of limitations is subject to equitable modifications such as tolling. *Harris v. Hutchinson*, 209 F.3d 325, 328-29 (4th Cir. 2000).

8

This Court notes that petitioner's State habeas petition is currently pending before the Supreme Court of Appeals. Thus, the one-year statue of limitations is currently tolled by the State habeas proceedings. *See* **Dreyfuse v. Pszczokowski**, 2017 WL 758950 (S.D. W.Va. Feb. 27, 2017)(Chambers, J.). Considering the procedural history of petitioner's State court proceedings, this Court finds that the petitioner has evaded any expiration of time under the limitation period. Upon the conclusion of petitioner's State habeas proceedings, petitioner will have the full one-year period in which to file a Section 2254 petition in federal court. Accordingly, this Court finds that dismissal will not jeopardize the timeliness of petitioner's Section 2254 petition, and he cannot at this time demonstrate good cause for his failure to present his claims to the State court prior to seeking federal habeas relief. Accordingly, this Court will dismiss the instant petition without prejudice. *See* **Rhines v. Weber**, 544 U.S. 269, 275–77 (2005)(explaining that a stay should not be "employed too frequently" and dismissal can better reflect AEDPA's objectives).

## VI. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 50]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Finally, this Court hereby **DISMISSES** the Section 2254 Petition **[Doc. 41]** **WITHOUT PREJUDICE**, preserving the petitioner's right to renew the same following the proper exhaustion of State remedies. Further, petitioner's Motion to Waive Exhaustion **[Doc. 42]** and Renewed Motion for an Evidentiary Hearing **[Doc. 49]** are **DENIED**. This

Court **ORDERS** that this matter be **STRICKEN** from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** February 26, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE